# EXHIBIT B

STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF HENNEPIN                                      FOURTH JUDICIAL DISTRICT

---

Jerald Boitnott,                                        Court File No.: _____

           Plaintiff,

  v.

                              **ANSWER**

Famous Dave's of America, Inc. d/b/a
Famous Dave's and Spirit SPE Portfolio
CA C-Stores, LLC,

           Defendants.

---

For its Answer to the Complaint in this matter, Defendants Famous Dave's of America, Inc. ("Famous Dave's") and Spirit SPE Portfolio CA C-Stores, LLC ("Spirit," collectively with Famous Dave's, "Defendants") deny each and every allegation, matter and assertion contained in the Complaint and deny that Plaintiff is entitled to any relief whatsoever, including the relief requested in its WHEREFORE clause, except as hereinafter expressly admitted, qualified, or otherwise answered as follows:

EXHIBIT B

# **INTRODUCTION**

1. Paragraph 1 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

2. Paragraph 2 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

3. Paragraph 3 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

4. Paragraph 4 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

5. Paragraph 5 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

6. Paragraph 6 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

7. Paragraph 7 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

8. Paragraph 8 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

9. Paragraph 9 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

10. Paragraph 10 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

11. Paragraph 11 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

12. Paragraph 12 of the Complaint consists entirely of legal conclusions and argument to which no response is required. To the extent any allegations in paragraph 12 require a response, such allegations are denied.

## JURISDICTION AND VENUE

13. Defendants admit the allegations included in paragraph 13 of the Complaint.

14. Defendants admit the allegations included in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint consists primarily of legal conclusions and argument to which no response is required. As to all other allegations in paragraph 15, Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations and therefore deny the same.

16. Paragraph 16 of the Complaint consists primarily of legal conclusions and argument to which no response is required. As to all other allegations in paragraph 16, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

17. Paragraph 17 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore deny the same. Further responding, Defendants acknowledge Plaintiff Boitnott has commenced numerous lawsuits against local businesses alleging violations of the ADA, s*ee, e.g.*, *Jerald Boitnott v. Taco Bell of America LLC dba Taco Bell et al.*, Case No. 18-CV-01702 (D. Minn.); *Jerald Boitnott v. Famous Dave's of America, Inc. dba Famous Dave's BBQ Shack and Knutson, LLC*, Case No. 18-cv-01786 (SRN/SER) (D. Minn.).

19. Responding to the allegations included in paragraph 19 of the Complaint, Defendants admit that Famous Dave's operates a restaurant that is open to the public at the property located at 7825 Vinewood Lane, Maple Grove, Minnesota, and that Famous Dave's occupies the premises under a lease between Famous Dave's and Spirit. The remaining allegations included in in paragraph 19 are denied or contain legal conclusions to which no response is required.

20. Responding to the allegations included in paragraph 20 of the Complaint, Defendants incorporate by reference their response to paragraph 19.

## ARCHITECTURAL BARRIERS

21. Paragraph 21 of the Complaint consists solely of legal conclusions and allegations regarding Plaintiff's subjective observations of the restaurant at issue in this action, which Plaintiff alleges he visited in May 2018. As to legal conclusions, no response is required. As to Plaintiff's subjective observations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore deny the same.

## POLICIES, PROCEDURES, AND PRACTICES

23. Paragraph 23 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

24. Defendants deny the allegations included in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint consists primarily of legal conclusions and argument to which no response is required. Defendants deny any remaining allegations included in paragraph 25.

26. Paragraph 26 of the Complaint consists primarily of legal conclusions and argument to which no response is required. Defendants deny any remaining allegations included in paragraph 26.

27. Paragraph 27 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

28. Paragraph 28 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

29. Paragraph 29 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore deny the same.

31. Paragraph 31 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

32. Paragraph 32 of the Complaint consists primarily of legal conclusions and argument to which no response is required. As to all remaining allegations, Defendants are without knowledge or information necessary to form a belief as to the truth of the allegations and therefore deny the same.

33. Paragraph 33 of the Complaint consists primarily of legal conclusions and argument to which no response is required. As to all remaining allegations, Defendants are without knowledge or information necessary to form a belief as to the truth of the allegations and therefore deny the same.

34. Paragraph 34 of the Complaint consists primarily of legal conclusions and argument to which no response is required. As to all remaining allegations, Defendants are without knowledge or information necessary to form a belief as to the truth of the allegations and therefore deny the same.

35. Defendants deny the allegations included in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint consists primarily of legal conclusions and argument to which no response is required. As to any remaining allegations, Defendants are without knowledge or information necessary to form a belief as to the truth of the allegations and therefore deny the same.

37. Defendants deny the allegations included in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint consists primarily of legal conclusions and argument to which no response is required. Exhibit B of the Complaint is a written document that speaks for itself.

## FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT, 42 U.S.C. §§ 12101

39. Responding to paragraph 39, Defendants incorporate and re-allege all prior paragraphs of this Answer.

### Denial of Full and Equal Enjoyment and Use

40. Paragraph 40 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

41. Paragraph 41 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

**Failure to Remove Architectural Barriers in an Existing Facility**

44. Paragraph 44 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

45. Paragraph 45 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

46. Paragraph 46 of the Complaint consists primarily of legal conclusions and argument to which no response is required. Defendants are without knowledge or information necessary to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore deny the same.

47. Paragraph 47 of the Complaint consists primarily of legal conclusions and argument to which no response is required. Defendants are without knowledge or information necessary to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore deny the same.

48. Paragraph 48 of the Complaint consists primarily of legal conclusions and argument to which no response is required. Defendants are without knowledge or information necessary to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore deny the same.

49. Paragraph 49 of the Complaint consists primarily of legal conclusions and argument to which no response is required. Defendants are without knowledge or information necessary to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore deny the same.

## Inadequate Policies, Procedures, and Practices

50. Paragraph 50 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

### Nominal Monetary Award

57. Paragraph 57 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

### Attorneys' Fees and Costs

58. Paragraph 58 of the Complaint consists primarily of legal conclusions and argument to which no response is required. Defendants admit Plaintiff appears to have retained counsel in this matter.

### SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT

59. Responding to paragraph 59, Defendants incorporate and re-allege all prior paragraphs of this Answer.

60. Paragraph 60 of the Complaint consists entirely of legal conclusions and argument to which no response is required.

61. Responding to the allegations contained in paragraph 61 of the Complaint, Defendants deny that Plaintiff is entitled to the relief he seeks.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring some or all of the claims in his Complaint.

3. Plaintiff's claims are barred by the doctrine of unclean hands since Plaintiff is not a bona fide patron, but a serial plaintiff who filed this lawsuit to try to extort a monetary settlement.

4. Any alleged noncompliance by Defendants or their agents, if there was any, does not subject Defendants to liability because any such noncompliance was *de minimis*, Defendants' facilities remained usable and accessible to Plaintiff despite the alleged noncompliance, and/or because Plaintiff was able to use Defendants' facilities.

5. Plaintiff's claims are barred because Defendants were willing to make reasonable modifications to its policies, practices and/or procedures, to the extent any are necessary, to accommodate Plaintiff's alleged disability, but Plaintiff never asked for or sought assistance.

6. The relief requested by Plaintiff is not fair and equitable to all parties under the circumstances of this case.

7. Plaintiff's claims should be denied because the relief requested by Plaintiff would impose an undue burden on Defendants and/or is not readily achievable or easily accomplishable without much difficulty or expense.

8. Plaintiff has failed to mitigate, minimize, or avoid any damages he may have suffered and is purposefully accessing or alleging to be deterred from accessing Defendants' facility in order to improperly stack his damages and is therefore precluded from recovering those alleged damages.

9. The Complaint, and each and every purported claim alleged therein, is barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

10. Defendants and their agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law and circumstances know by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

11. Plaintiff's claims are barred under the doctrine of mootness because Defendants' facility complies with all applicable standards, the facility is usable

and accessible to persons with disability, including Plaintiff, and/or Plaintiff is able to use and access Defendants' facility.

12. Defendants reserve the right to amend their Answer, add parties, institute third party actions, and raise additional affirmative defenses as discovery may warrant.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request:

A. That Plaintiff take nothing from the Complaint;

B. That the Complaint be dismissed with prejudice and that a judgment be entered in favor of Defendants;

C. For an award of costs, disbursements, and attorney fees in this matter to the extent permitted by law; and

D. For such other relief as the Court may deem just and equitable.

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

Dated: July 13, 2018                By *s/ Amanda M. Sicoli*
                                    Brian A. Dillon (#386643)
                                    Email: brian.dillon@gpmlaw.com
                                    Amanda M. Sicoli (#397685)
                                    Email: amanda.sicoli@gpmlaw.com
                                    500 IDS Center
                                    80 South Eighth Street
                                    Minneapolis, MN 55402
                                    Telephone: (612) 632-3000

                                    **ATTORNEYS FOR DEFENDANTS FAMOUS DAVE'S OF AMERICA, INC., D/B/A FAMOUS DAVE'S AND SPIRIT SPE PORTFOLIO CA C-STORES, LLC**

27-CV-18-11280
CASE 0:18-cv-01998-SRN-SER   Document 1-2   Filed 07/16/18   Page 17 of 17

Filed in Fourth Judicial District Court
7/12/2018 4:22 PM
Hennepin County, MN


## **ACKNOWLEDGEMENT**

The parties represented by the undersigned attorneys acknowledge that monetary and/or nonmonetary sanctions may be awarded pursuant to Minn. Stat. § 549.211 against a party for claims made in violation of that statute.

GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.

Dated: July 12, 2018    By *s/ Amanda M. Sicoli*
    Brian A. Dillon (#386643)
    Email: brian.dillon@gpmlaw.com
    Amanda M. Sicoli (#397685)
    Email: amanda.sicoli@gpmlaw.com
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 632-3000

**ATTORNEYS FOR DEFENDANTS FAMOUS DAVE'S OF AMERICA, INC., D/B/A FAMOUS DAVE'S AND SPIRIT SPE PORTFOLIO CA C-STORES, LLC**

GP:4810-9121-7517 v1